HINSDALE LIVESTOCK COMPANY, Edwin Gerspacher, Howard Porter and John Brookie, Plaintiffs,

v.

The UNITED STATES of America, The United States Department of Interior, Bureau of Land Management, Cecil Andrus, Secretary of the Interior, Mike J. Penfold, Montana State Bureau of Land Management Director, Glenn Freeman, Lewistown District Bureau of Land Management Director, Gary L. Gerth, Glasgow Area Bureau of Land Management Manager, and Terrence E. Wilson, Authorized Officer of the Bureau of Land Management, Defendants.

Edwin GERSPACHER, Plaintiff,

v.

The UNITED STATES of America, The United States Department of Interior, Bureau of Land Management, Cecil Andrus, Secretary of the Interior, Mike J. Penfold, Montana State Bureau of Land Management Director, Glenn Freeman, Lewistown District Bureau of Land Management Director, Gary L. Gerth, Glasgow Area Bureau of Land Management Manager, and Terrence E. Wilson, Authorized Officer of the Bureau of Land Management, Defendants.

Nos. CV–80–157–BLG, CV–80–166–BLG.

United States District Court, D. Montana, Billings Division.

Oct. 3, 1980.

A. Clifford Edwards, Berger, Anderson, Sinclair, Murphy, Nelson, Edwards, McGimpsey & Molloy, Billings, Mont., for plaintiffs.

Robert L. Zimmerman, Asst. U. S. Atty., D. Montana, Billings, Mont., for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

BATTIN, Chief Judge.

This action came on for hearing Monday, the 29th day of September, 1980.

The Court, having considered the evidence at hearing, makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. Plaintiffs have invoked jurisdiction based on the existence of a federal question and couch this action under the Fifth Amendment to the Constitution; the Court finds jurisdiction herein by virtue of 28 U.S.C., Section 1331(a), and the Court finds this is an action against the United States, agencies thereof and officers and employees thereof in their official capacity, so that no jurisdictional amount is required under said section.

2. The Court finds that all plaintiffs are either ranching corporations or individual ranchers in Valley County, Montana.

3. An integral part of plaintiffs' ranching operations in Valley County is the utilization of federal grazing land; further, the grazing allotments each plaintiffs is involved with in leasing from the Bureau of Land Management contains, and intermingles, with a significant percentage of each respective plaintiff's privately owned land, either deeded or by other private leasehold interest, with the federal lands, specifically:

A) Plaintiff Hinsdale Livestock Company
   1) Upper Willow Creek allotment is 24.2% private land

2) Anderson Ojuel is 33.2% private land

B) Plaintiff Edwin Gerspacher–20% private land

C) Plaintiffs John Brookie and Howard Porter–12% private land

4. Plaintiffs Gerspacher, Brookie and Porter graze on the federal lands pursuant to yearly permits, while plaintiff Hinsdale Livestock Company permits are issued pursuant to an allotment management plan (AMp) contract that was entered into by and between Hinsdale Livestock Company and the Bureau of Land Management approximately 10 years ago. Said AMP implements and employs a seven pasture rest rotation system, which provides for and allows certain pastures to be totally rested (not grazed at all during each year).

5. The 1980 permit authorizations for the plaintiffs are to expire as follows:

A) Hinsdale Livestock Company–30 November 1980

B) Edwin Gerspacher–22 October 1980

C) Howard Porter–31 October 1980

D) John Brookie–31 October 1980

6. Defendant Gary L. Gerth is the Bureau of Land Management Glasgow area manager for, inter alia, Valley County, wherein the plaintiffs' allotments are located.

7. Defendant Terrence E. Wilson is an authorized agent of the Bureau of Land Management working out of the Glasgow area office.

8. Defendant Glenn Freeman is the Bureau of Land Management Lewistown district manager, and that district includes the Glasgow area office.

9. Defendant Mike J. Penfold is the Montana state director for the Bureau of Land Management, his associate director is Kannon Richards, and the Lewistown district and Glasgow area offices are within the directorship and associate directorship, respectively, of the said Penfold and Richards.

10. Between August 29 and September 4, 1980, all plaintiffs were notified, by certified mail issued from the Bureau of Land Management Glasgow area manager, Gary L. Gerth, or his authorized officer, Terrence E. Wilson, that all livestock belonging to the plaintiffs (except Hinsdale Livestock Company) were to be removed from federal lands by September 10, 1980, and in the case of Hinsdale Livestock Company, said cattle were to be removed from federal lands by September 20, 1980. These letters of notification indicated that if said cattle of plaintiffs were not removed from federal lands by those respective dates then the Bureau of Land Management would hold plaintiffs' cattle in trespass, subject to fines and/or impoundment.

11. The Court finds that the reasons stated by the defendant Bureau of Land Management, by and through the area manager Gary L. Gerth and authorized agent Terrence E. Wilson, for the removal of plaintiffs' cattle from the federal lands were as follows:

A) That the public lands were in an emergency condition.

B) To prevent further damage of the range land resource the cattle were to be immediately removed.

C) That based upon inspections and observations for five weeks prior to the issuance of the letters, and other unnamed information the Bureau of Land Management said was available in their files, that the area manager had determined further livestock grazing would result in severe damage to the range land resource; and

D) The emergency conditions of the public lands, in the area manager's determination, made it necessary to implement the decision to evict plaintiffs' cattle immediately and the area manager cited as authority 43 C.F.R. 4110.-3–2 and 4120.3.

12. The area manager of the Bureau of Land Management, Gary L. Gerth, then gave each plaintiff, 30 days to appeal the final decision by filing such appeal in writing with the area manager pursuant to 43 C.F.R. 4160.4 and 4.470.

13. The time stated for appeal to all plaintiffs exceeded the date the area mana-

ger set for the removal of cattle (and if said cattle were not removed on that day plaintiffs were subject to fines for trespass and impoundment) by some 20 days.

14. Upon receipt of said letters evicting plaintiffs from federal lands, the plaintiffs appeared before the above Court, in the absence of United States Federal District Judge Paul Hatfield from his bench, and sought a temporary restraining order restraining defendants from enforcing their eviction notices on that same day.

15. Thereafter Judge Paul Hatfield recused himself from the proceedings and this Court assumed jurisdiction and on September 19, 1980, on plaintiffs' motion, extended the temporary restraining order until September 29, 1980, and set said day for hearing on plaintiffs' application for preliminary injunction.

16. On September 17, 1980, the defendant, by and through its area manager, Gary L. Gerth, rescinded its previous eviction notice to plaintiff Edwin Gerspacher and then ordered said Edwin Gerspacher off the federal lands by October 1, 1980, even though plaintiff Edwin Gerspacher already was party plaintiff to the suit which restrained defendants from evicting him from the federal lands.

17. Plaintiff Edwin Gerspacher thereafter brought a separate suit in Cause No. CV–80–166–BLG on September 29, 1980, seeking relief in the form of a preliminary injunction from the letter of eviction he received September 17, 1980, from the defendant rescinding its earlier order against him, but still evicting him by October 1, 1980.

18. Plaintiff Edwin Gerspacher after presenting Cause No. CV–80–166–BLG on September 29, 1980, to the Court then moved to consolidate his cause with CV–80–157–BLG and the court, without objection, consolidated the matters.

■ 19. The data relied on by the defendant in reaching its decision that plaintiffs' cattle must be immediately removed from the public lands in order to prevent severe damage to the range land resource was based primarily on various written materials which defendant and authorized agent Terrence E. Wilson could not specify and on other principles that defendant Terrence E. Wilson testified to the effect that further grazing on the range resource in a year of drought is harmful to the range resource and makes it more difficult for the resource to recover from a year of drought.

20. These reasons do not create an emergency such as was asserted by the defendant in its letters of eviction to plaintiff; the Court finds this on the basis of expert testimony. These experts are August Hormay, on behalf of the plaintiff, and Dr. Donald Ryerson, on behalf of the defendants. Both witnesses testified that continued grazing of the range resource throughout the balance of plaintiffs' permit seasons this year does not in any way create an emergency to the range land resource.

21. The Defendant, while having authority over many counties in eastern Montana other than Valley, elected only to evict federal land permittees in said Valley County.

22. The range resource will not be severely damaged if livestock of plaintiffs continue to graze on it until the end of the permit seasons. There is no emergency condition on the public lands and the grazing of plaintiffs' livestock on the public range land throughout the balance of their permit season will not damage or harm the resource. Such a finding is based on the testimony of experts, above stated, presented by both the plaintiffs and the defendants.

23. The Court is of the opinion that plaintiffs would suffer severe and irreparable damage and harm if they were forced from the public lands before the expiration of their permit periods for 1980.

■ 24. The Court took judicial notice of Title 43 of the United States Code. 43 U.S.C. § 1701(a)(6) states:

"The Congress declares that it is the policy of the United States that . . . judicial review of public land adjudication decisions be provided by law."

25. The procedure used by the defendant to evict plaintiffs from the federal lands is totally inconsistent with the policy of Congress as embodied in said Title 43 U.S.C. § 1701(a)(6).

26. Plaintiffs have a good likelihood of success on the merits of an administrative appeal of the defendant's decision that their cattle must be evicted for the balance of the permit season.

27. The Court is of the opinion that the actions of the defendant as set forth above are arbitrary and capricious in that the decisions were not based on scientific evidence, nor based on any input from plaintiffs involved. The defendants' expert witness, Dr. Donald Ryerson, testified that all of the plaintiffs have been ranching their entire adult lives, were raised ranching, and that they have had the following experience in conducting ranching operations on lands that include the public domain:

A) Gene Etchart (for Hinsdale Livestock Company)–31 years.

B) Edwin Gerspacher–52 years.

C) Howard Porter–28 years.

D) John Brookie–42 years.

28. These ranchers have experienced many droughts in the areas that are the subject of this lawsuit. Evidence presented at hearing revealed they know how to judge the conditions of the range resource and have acted appropriately in managing their herds in accordance with the conditions of the range resources.

29. The opinion of plaintiffs is that the range resources will not be severely damaged if the reduced number of livestock they now have on the range resources are allowed to remain there the balance of this permit season.

The Court adopts the opinion of Gus Hormay and these ranchers with respect to the condition of the range resource. Testimony has revealed that drought conditions never create an emergency with respect to the range resource, contrary to the opinion of defendant Bureau of Land Management. The appeal right granted plaintiffs was largely without meaning in that had the defendant prevailed, the plaintiffs would have been in trespass with their cattle subject to impoundment some 20 days before their time to appeal even ran.

30. The plaintiffs were deprived of any notion of due process of law with respect to the defendant's decision affecting the allotments plaintiffs lease. Significant portions of plaintiffs' privately owned and controlled land intermingle with the federal lands. Plaintiffs did not have an opportunity to participate in the decision to evict the livestock from the allotments plaintiffs lease. Tours the defendant conducted in conjunction with the plaintiffs were made subsequent to the Bureau's decision that evictions would be made.

31. The Bureau failed to consider the fact that plaintiffs had all voluntarily reduced their use of the federal lands during this year (ranging from Hinsdale Livestock Company's approximately 25% reduction in authorized use of the allotment, to a rather small reduction in use by plaintiffs Brookie and Porter) prior to any action taken by the Bureau with respect to the federal range land. Regarding Hinsdale Livestock Company, the cost of reducing their use of the allotment was approximately $34,000.00 for relocating cattle that normally would have remained on the allotments this year. As a result, plaintiffs will continue to incur costs of grazing and feeding relocated livestock.

32. The Court finds the defendant is in violation of the contract entered into with plaintiff Hinsdale Livestock Company.

The allotment management plan provides for a rest rotation grazing system with two of seven pastures rested or unused each year.

Plaintiffs have made substantial investments related to the allotment plan covered by the seven pastures in the form of many miles of fence and construction of reservoirs.

The allotment plan, on page 23, states: There is flexibility in management with this type of system. The rest pasture may be used in the event of . . . drought

... but grazing will return to normal sequence immediately following the deviation. This flexibility is necessary in adjusting to short term climate and vegetative changes .... "

33. The Court is of the opinion that the defendant is in violation of this agreement in that it is now denying plaintiff Hinsdale Livestock Company the opportunity to utilize the rest pastures in this year of proven drought.

34. This allotment management plan described above was signed by Gene Etchart on behalf of Hinsdale Livestock Company and by defendant Gary L. Gerth as hearing manager for defendant in Valley County.

### CONCLUSIONS OF LAW

1. Each of the above–stated Findings of Fact is hereby restated as a Conclusion of Law.

2. The Court has federal question jurisdiction over the parties and the subject matter of this controversy.

3. The actions of defendant Bureau of Land Management in evicting plaintiffs from the allotments in question are not supported by the evidence and testimony heard by the Court.

4. Plaintiffs were deprived of due process of law by defendants' actions in evicting plaintiffs from the allotments in question, said allotments intermingling federal lands with private lands of plaintiffs.

5. Defendants have denied plaintiffs any meaningful opportunity for administrative appeal of the decision by the defendant evicting plaintiffs from the allotments in question during the balance of the grazing season for 1980.

6. The immediate effect of the defendant's decision to evict plaintiffs from the allotments in question for the balance of the 1980 grazing season is contrary to the policy of Congress expressed in 43 U.S.C. 1701(a)(6) which provides that it is the policy of the United States that judicial review of public land adjudication decisions be provided by law.

7. Plaintiffs will suffer irreparable harm if a preliminary injunction does not issue. Such an injunction should issue enjoining defendants from evicting plaintiffs from the allotments in question pending plaintiffs' pursuit of administrative remedies.

8. The evidence and testimony reveals there is no emergency condition on the range resource in question that requires the immediate removal of the livestock. The Court finds that the defendants will not be harmed by the issuance of a preliminary injunction enjoining defendant from implementing its decision to immediately evict plaintiffs' livestock from the range resource. Therefore,

IT IS ORDERED that a preliminary injunction be and the same hereby is, granted restraining enforcement of the defendant's orders evicting plaintiffs' livestock from the allotments that are the subject of this lawsuit, said orders dated August 27, September 4, and September 17, respectively.

IT IS FURTHER ORDERED that said preliminary injunction will remain in force and effect until such time as plaintiffs have been given the opportunity to exhaust their administrative remedies.